| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI | | |
|---|---|---|
| SANDRA MARÍA PAGÁN ARROYO, LYDIA MARÍA PAGÁN ARROYO<br><br>Recurridas<br><br>v.<br><br>SUCN. JULIO CÉSAR PAGÁN ARROYO, ENID DOLORES ALICEA ROSARIO, GUSTAVO SÁNCHEZ ENRIQUEZ en su capacidad de ejecutor UNIVERSAL y otros<br><br>Recurridos<br><br>CASTILLO DEL VINO, LLC<br><br>Tercero Peticionario | KLCE202500372 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2024CV00922 (503)<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de mayo de 2025.

Comparece Castillo del Vino Inc., ("Castillo del Vino" o "el Peticionario") y solicita la revocación de la *Resolución Interlocutoria* emitida y notificada el 11 de marzo de 2025, por el Tribunal de Primera Instancia, Sala de Bayamón ("foro *a quo*" o "foro primario"). Mediante el referido dictamen interlocutorio, el foro primario declaró *No Ha Lugar* a la solicitud de orden protectora presentada por el Peticionario en el pleito sobre División y Liquidación de la Comunidad Hereditaria de la Sucesión de Don Domingo Pagán Ithier, instado por las coherederas, Sandra María Pagán Arroyo y Lydia María Pagán Arroyo ("las Recurridas"), en contra del coheredero Julio César Pagán Arroyo, de la viuda del causante, Enid Dolores Alicea Rosario y del Sr. Gustavo Sánchez Enríquez, como ejecutor universal del caudal hereditario del causante, quien falleció testado.

Por los fundamentos que expondremos a continuación **denegamos** la expedición del auto de *certiorari* solicitado por Castillo del Vino.

**I.**

El trasfondo fáctico y procesal del presente caso inició el 18 de febrero de 2024, con la presentación de una *Demanda* instada por las Recurridas ante el foro primario para solicitar la partición y liquidación de la comunidad hereditaria compuesta por los miembros de la sucesión de Don Domingo Pagán Ithier, quien falleció testado el 28 de agosto de 2023.[1] En lo pertinente, las Recurridas alegaron que el causante era dueño de varios bienes privativos que enumeraron, entre estos, el 100% de las participaciones de la compañía de responsabilidad limitada Castillo del Vino, registrada en el Departamento de Estado el 24 de abril de 2015.[2]

Como parte del descubrimiento de prueba las Recurridas enviaron a Castillo del Vino *Aviso sobre Toma de Deposición Duces Tecum bajo de la Regla 27.6 de Procedimiento Civil.*[3]

El 5 de febrero de 2025, Castillo del Vino presentó *Comparecencia Especial Para Solicitar Orden Protectora* ante el foro primario, a los fines de detener el descubrimiento de prueba en lo pertinente a las operaciones de Castillo del Vino.[4] En dicha solicitud la Peticionaria invocó la protección de información comercial privilegiada. Esbozó, además, que es improcedente compeler a Castillo del Vino a un riguroso análisis operacional y financiero mediante el descubrimiento de prueba y que las Recurridas no están desprovistas de otros mecanismos para intentar establecer su teoría de que de alguna forma los miembros de la Sucesión Pagán Ithier

---

[1] *Véase*, Apéndice del Recurso, págs. 3-17.
[2] *Íd. Véase* además, Anejo 6 del Apéndice del Recurso.
[3] *Véase*, Apéndice del Recurso, págs. 120-122.
[4] *Íd.* págs. 123-127.

tienen algún interés legítimo en Castillo del Vino. De igual forma, el Peticionario alegó no ser parte en el pleito.

Por su parte, el 28 de enero de 2025, las Recurridas presentaron ante el foro primario, *Moción en Cumplimiento de Orden y en Oposición a la Orden Protectora Solicitada por Castillo del Vino, LLC*.[5] En apretada síntesis, las Recurridas sostienen que la Regla 27.1 de Procedimiento Civil, 32 LPRA Ap. V. R 27.1, establece la toma de deposiciones como uno de los mecanismos para el descubrimiento de prueba; que dicha Regla 27 no contiene limitaciones sobre a quiénes se les puede tomar deposiciones y que esta autoriza el examen a cualquier persona, por lo que no es requisito ser parte en el pleito o haber sido anunciado como testigo. Arguyen además, que la Regla 27.2 de Procedimiento Civil, 32 LPRA Ap. V, R, 27.2 dispone que el aviso de toma de deposición a un deponente que no sea parte en el pleito podrá ir acompañado de un requerimiento para la producción de documentos y objetos.

Mediante *Resolución Interlocutoria* emitida y notificada 11 de marzo de 2025 el foro primario declaró *No Ha Lugar* a la *Comparecencia Especial Para Solicitar Orden Protectora* presentada por Castillo del Vino.

En desacuerdo, el Peticionario presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

> Erró el TPI al ordenar a una empresa privada a entregar información confidencial y privilegiada a personas ajenas a la entidad, concluyendo que esas personas tienen un interés pecuniario en la misma, basado en mera especulación.

> Erró el TPI al adjudicar la titularidad de los activos del castillo del vino sin que dicha empresa y su único miembro fuesen parte en el litigio.

Las Recurridas comparecieron ante nos el 29 de abril de 2025, mediante *Oposición a la Expedición del Auto de Certiorari*. En

---

[5] *Íd.* págs. 135-137.

esencia, las Recurridas sostienen que el ejercicio de discreción del foro primario en materia de descubrimiento de prueba no es revisable, en ausencia de abuso de discreción o error en la interpretación de cualquier norma procesal o sustantiva. Asimismo, sostienen que la materia objeto de descubrimiento en este caso es pertinente y que el descubrimiento de prueba en esta etapa resulta esencial a los fines de auscultar información relevante sobre los bienes del caudal hereditario e incluso para evaluar la necesidad de traer a un tercero al pleito. Destacan además, que si del descubrimiento de prueba surge información o evidencia que demuestre que Castillo del Vino y su representante deben ser traídos al pleito así se hará.

## II.

### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar

a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. *Descubrimiento de Prueba*

La Regla 23 de Procedimiento Civil regula lo concerniente al alcance del descubrimiento de prueba. 32 LPRA Ap. V, R. 23. El descubrimiento de prueba persigue: 1) precisar los asuntos en controversia; 2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresa en esta etapa de los procedimientos; 3) facilitar la búsqueda de la verdad; y 4) perpetuar evidencia. Conforme a ello, ha sido reiterado por el Tribunal Supremo de Puerto Rico que el procedimiento para descubrir prueba en la litigación civil está concebido como uno amplio y liberal. *Scotiabank v. ZAF Corp.et al.*, 202 DPR 478, 490 (2019).

Existen dos limitaciones fundamentales al descubrimiento: (1) no puede descubrirse materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. *Scotiabank v. ZAF Corp. et al., supra,* pág. 491. El concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 168 (2001). "Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia." *Íd.* **El criterio de pertinencia, incluye todos los asuntos que puedan tener cualquier relación con la materia objeto del pleito, aunque no estén relacionados con las controversias específicas esbozadas en las alegaciones**. *E.L.A. v. Casta*, 162 DPR 1, 13 (2004). En lo concerniente a materia privilegiada, se refiere exclusivamente a los privilegios reconocidos en las Reglas de Evidencia. *Íd.*, pág. 10. En ausencia de un privilegio específico reconocido por dichas reglas probatorias no procede objeción alguna a un descubrimiento de prueba bajo ese

fundamento. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001).

Ahora bien, una parte que pretenda la exclusión de cierta evidencia por ser materia privilegiada deberá presentar una objeción de manera oportuna. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 406-407 (2021), citando a *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 899 (2017). Ello, debido a que los privilegios paralizan el descubrimiento de ciertos actos, hechos o comunicaciones. *Íd.*, pág. 407. "Así, los tribunales debemos interpretar la existencia de un privilegio probatorio de manera restrictiva para no entorpecer la consecución de la verdad en los procesos judiciales. **No se concederán privilegios de manera automática** y sólo se reconocerán cuando se invoquen de manera certera y oportuna." *Íd.*

A esos fines, la Regla 23.3 (a) de Procedimiento Civil, 32 LPRA Ap. V R. 23.3 establece acerca del reclamo de privilegios, lo siguiente:

> (a) *Información retenida.* Cuando una parte retiene información requerida, reclamando que es materia privilegiada o protegida en contemplación de la preparación para el juicio, deberá hacer su reclamo de manera **expresa y fundamentada** especificando la naturaleza de los documentos, de las comunicaciones o de los objetos no producidos o revelados, de forma que, sin revelar información privilegiada, las demás partes puedan evaluar la aplicabilidad del privilegio o protección, y expresarse sobre éstos. (Énfasis nuestro).

Nuestro Tribunal Supremo ha establecido que la parte que se considere poseedora de cierta materia privilegiada cuyo descubrimiento se procura, deberá, tan pronto se solicite la información: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio en cuestión, y (5) describir la

naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación. *Ponce Advance Med. v. Santiago González, et al.*, *supra,* pág. 900. Véase, además, Regla 23.3 de Procedimiento Civil, *supra.*

Cuando surjan discrepancias entre las partes en torno a la existencia y el alcance del privilegio, "el tribunal tendrá que resolver si el poseedor del privilegio estableció, mediante **preponderancia de la prueba,** los elementos del privilegio que invoca". (Énfasis nuestro). *Ponce Adv. Med. v. Santiago González et al.*, *supra,* pág. 900.

La Regla 27.2 de Procedimiento Civil, 32 LPRA Ap. V, R, 27.2, permite que el aviso de deposición pueda ir acompañado con una producción de documentos. En ese contexto, el concepto de pertinencia en el ámbito de procedimiento civil es más amplio que el utilizado con relación a la admisibilidad de prueba, siendo suficiente la posibilidad razonable de relación con el asunto en controversia. *Véase, Pres. del Senado* 148 DPR 737, 765-766 (1999).

### C. *Orden Protectora*

La Regla 23.2 de Procedimiento Civil, *supra,* le reconoce al Tribunal ciertas facultades para emitir órdenes protectoras que limiten o condicionen el descubrimiento de prueba. Además, nuestras normas procesales promueven que las partes planifiquen y diseñen el manejo del tiempo para así garantizar la eficiencia del descubrimiento de prueba. Nuestro Máximo Foro ha reconocido que cualquier limitación al descubrimiento de prueba deberá hacerse de forma razonable. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154-155 (2000). Es decir, "[m]ás que una facultad, existe un deber que se le impone al Tribunal de Primera Instancia de actuar afirmativa y dinámicamente en la tramitación de los casos ante su consideración". *Vives Vázquez v. E.L.A.*, 142 DPR 117, 139 (1996). "[L]os tribunales de instancia tienen **amplia discreción** para regular

el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Rivera y otros v. Bco. Popular, supra,* págs. 153–154.

Es meritorio recordar que en nuestro ordenamiento jurídico las determinaciones discrecionales de los jueces primarios merecen deferencia. De ahí que éste sea el criterio rector e indicativo para otorgar deferencia a una determinación discrecional. Por tales razones, los tribunales revisores deberán conferir deferencia a las determinaciones discrecionales del foro primario. Son los jueces del Tribunal de Primera Instancia –quienes en el descargo de sus funciones- están en continuo contacto con los litigantes, evalúan la prueba que éstos presentan y atestiguan el desarrollo del pleito en el tiempo. Véase, *PV Properties v. El Jibarito*, 199 DPR 603 (2018) (Sentencia)

### D. Deposiciones a Corporaciones u Organizaciones

La Regla 27.6 de Procedimiento Civil, 32 LPRA Ap. V. R. 27.6 dispone en lo pertinente que "[e]n la notificación para la toma de deposición o en la citación al efecto, una parte podrá señalar como deponente a cualquier corporación o a cualquier sociedad, o asociación y describirá con razonable particularidad las cuestiones sobre las cuales se interesa el examen." La Regla 27.6 de Procedimiento Civil, *supra*, dispone, además, que "[e]n ausencia de designación de la persona o personas a ser examinadas por la parte interesada, la organización señalada nombrará a la persona o personas con el mayor conocimiento sobre las cuestiones que se examinarán para que testifique en su nombre o a nombre de la organización y podrá señalar las materias sobre las cuales testificará cada persona en su representación." En lo pertinente al caso en que la organización no es parte en el litigio, la Regla 27.6 de Procedimiento Civil, *supra*, dispone expresamente lo siguiente:

Si la organización no fuere parte en el litigio, la citación deberá advertir su deber de hacer tal nombramiento o designación. La persona nombrada testificará sobre las cuestiones disponibles a la organización o las conocidas por esta. 32 LPRA Ap. V., R. 27.6

## III.

Es la contención del Peticionario que incidió el foro primario al denegar su solicitud de orden protectora y permitir el descubrimiento de prueba cursado por las Recurridas. Arguye que la información solicitada por las Recurridas constituye materia privilegiada y que al denegar su solicitud de orden protectora el foro primario adjudicó los activos de Castillo del Vino sin que dicha empresa y su único miembro fueran parte en el litigio.

Luego de examinar el expediente y los argumentos esgrimidos por el Peticionario, a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, *supra* y de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Lo anterior, debido a que la controversia versa en torno al descubrimiento de prueba y manejo del caso por parte del foro primario, asunto que no está contemplado en la Regla 52.1 de Procedimiento Civil, *supra,* o sus excepciones.

Conforme a lo criterios de la Regla 40, *supra,* no intervendremos con la determinación del foro primario de garantizar un descubrimiento amplio y liberal como parte del manejo del caso ante su consideración. El Peticionario no nos ha colocado en posición de evaluar que la materia a ser descubierta fuera impertinente o que el foro primario hubiese incurrido en un abuso de discreción o error en la interpretación de alguna norma procesal.

Cónsono con ello, es preciso destacar que del expediente no surge que al denegar la solicitud de orden protectora el foro primario procediera con prejuicio, parcialidad o arbitrariedad. A la luz de los criterios que guían el ejercicio de nuestra discreción nos abstenemos de intervenir con la determinación recurrida. El Peticionario no ha

demostrado que el foro de instancia se excediera en el ejercicio de su discreción o que, el abstenernos de interferir con la determinación recurrida, constituiría un fracaso irremediable de la justicia.

Nuestro ordenamiento jurídico nos brinda la discreción para intervenir en aquellos dictámenes interlocutorios en los que el foro de primera instancia ha sido arbitrario, ha cometido un craso abuso de discreción, cuando de la actuación del foro surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la determinación constituya una grave injusticia. Reiteramos que, en el recurso que aquí atendemos no se nos ha demostrado que estemos ante alguno de estos escenarios. Adviértase que el manejo del descubrimiento de prueba y la concesión de órdenes protectoras en ese contexto es un asunto sujeto a la discreción del foro primario. Por tanto, ante la ausencia de situaciones excepcionales, nos abstenemos de intervenir con la determinación recurrida.

En virtud de lo anterior, procede denegar la expedición del auto de *certiorari,* recordando que nuestra denegatoria no prejuzga los méritos del caso o la controversia planteada pudiendo ser reproducida nuevamente mediante el correspondiente recurso de apelación.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones